At the execution of his will the testator was suffering from injuries from which he died some hours later. One subscribing witness—a lawyer —testified he drew the will in the testator's presence, after receiving clear and full instructions as to the disposition of the property, and information as to its character; that the testator was of sound mind; that the will was read over to him, and he executed it with all formalities, etc. This was corroborated by the other subscribers and others. The will gave to the widow, the sole contestant, not much less than she would have received if the will were invalid. *Held*, that this showing of the testator's competency was not rebutted by expert testimony that a man receiving such injuries could not carry on the conversations sworn to, nor comprehend the nature of the testamentary act.

Proceedings for the probate of the will of Thomas J. Conaty, deceased. Contest by widow. Will admitted to probate.

Cornelius F. Collins, for proponent.
McElhinney & Martin, for contestant.

ARNOLD, S. It is conceded that the decedent was suffering from the effects of a painful injury at the time of the execution of the will presented for probate, and that his death resulted from such injury some hours after said execution; but one of the subscribing witnesses, who is a lawyer, testified that he drew the will in the presence of the testator, after receiving from him full and clear instructions as to the disposition he desired to make of his property, and information as to the character of the same; that he was then of sound mind; that, when completed, the witness read it over to him, and it was then executed with all the formalities required by law. The testimony of the other subscribing witness is in corroboration of this, and there is additional supporting evidence. The testator's property consisted of real estate of the value of about $5,000 above mortgage liens, and of personal property of about the same amount. The will gives the testator's wife $1,000 in addition to her dower right, makes a bequest of $250 to the sister of his first wife, and appoints her guardian of his only child (the issue of his earlier marriage), a minor, who resided with the legatee, and to which child he gives all the residue of his estate. It will thus be seen that the widow, who is the sole contestant, may possibly, if the will be sustained, receive thereunder something, but not much, less than she would be entitled to if probate be refused; but it cannot be said that these testamentary provisions were unnatural, or indicate unsoundness of mind, or a lack of comprehension by the testator of his relations towards the members of his family and their several claims upon his bounty. Testimony of physicians was introduced on the part of the contestant to the effect that either from their personal observation of the decedent's condi-

tion at the hospital, where he was brought after receiving his injuries, and died two days thereafter, or from their experience and knowledge in respect to the nature and consequences of such injuries, they were of opinion that he could not have been able to maintain and carry on the conversations sworn to by proponent's witnesses, or to comprehend the nature of the testamentary act which it is claimed he performed. This evidence, however, does not, in my judgment, outweigh the positive testimony of the proponent's witnesses, which establishes to my satisfaction the due execution of the will, and the competency of the testator.     A decree may be submitted admitting the will to probate.

Decreed accordingly.

(26 Misc. Rep. 106.)

### In re ROONEY'S ESTATE.

(Surrogate's Court, New York County.     January, 1899.)

MUNICIPALITIES—PUBLIC ADMINISTRATOR—PROPERTY OF UNKNOWN HEIRS—COMPTROLLER—DEMAND BY PERSONS ENTITLED.

> Greater New York Charter, § 261, providing that no action shall be maintained against the city unless the petition shows that at least 30 days have elapsed since the demand was presented to the comptroller for adjustment, and that he refused to do so, applies to a claim for moneys paid to the comptroller by the public administrator belonging to unknown heirs, since Laws 1898, c. 230, § 29, makes the city responsible for all such moneys, and gives those entitled to them the same remedies against the city as they would have against any executor.

Application of certain persons claiming to be relatives of Mary Rooney, or Donnelly, deceased, for an order directing the chamberlain to pay over to them certain moneys deposited with the comptroller of the city of New York by the public administrator.     Dismissed.

Julian B. Shope, for petitioners.

John Whalen, Corp. Counsel, for city of New York.